ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| DSME Construction Co., Ltd. | )　ASBCA No. 63878 |
| | ) |
| Under Contract No. W91QVN-23-D-0038 | ) |

APPEARANCE FOR THE APPELLANT:　　　Song Yong Eui, Esq.
　　　　　Central IP & Law
　　　　　Seoul, Korea

APPEARANCES FOR THE GOVERNMENT:　　Dana J. Chase, Esq.
　　　　　Army Chief Trial Attorney
　　　　　MAJ Bruce Nessler, JA
　　　　　CPT Natalie W. McKiernan, JA
　　　　　MAJ Katharine M. Calderon, JA
　　　　　Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON AFFIRMING JURISDICTION

DSME Construction Co., Ltd. (appellant) moves to affirm jurisdiction* of this appeal before the Board, even though the contract states it is not subject to the Contract Disputes Act (CDA). The government does not oppose the motion. For the reasons stated below, the Board holds that it possesses jurisdiction to entertain the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On April 13, 2023, Contract No. W91QVN-23-D-0038 was awarded by the U.S. Department of the Army, 411th Contracting Support Brigade, Korea (government) to appellant to provide preventative maintenance, on-call service, and minor repairs to equipment including HVAC and electrical systems in various

---

* While the Board has previously raised jurisdictional questions *sua sponte*, this is a case of first impression where appellant moved to affirm the Board's jurisdiction over this appeal. (*See*, *LR General Solutions, LLC*, ASBCA No. 63458, 23-1 BCA ¶ 38,403; *Axxon International, LLC*, ASBCA Nos. 59497, 59498, 15-1 BCA ¶ 35,864). Because jurisdiction is crucial to our review of appeals before us, we issue this decision.

facilities at Camp Humphreys and Camp Yongin, South Korea (R4, tab 1 at 1-3, tab 1a at 1-2).

2.  The contract included Clause 5152.233-4008 – Choice of Law and Disputes under ROK MND Funded Contracts (R4, tab 1 at 37-38).  The clause stipulated that all disputes arising under, or relating to, the contract shall be resolved under the clause (*id.* at 37).  The clause also outlined the following procedures:

> (e) Procedures
>
> > (1) A claim by the contractor shall be made in writing and submitted to the Contracting Officer for a written decision.  A claim by the Government against the Contractor shall be subject to a decision by the Contracting Officer.
> >
> > (2) For contractor's claims exceeding $100,000, the contractor shall submit with the claim a certification that –
> >
> > (i) The claim is made in good faith;
> >
> > (ii) Supporting data are accurate and complete to the best of the contractor's knowledge and belief; and
> >
> > (iii) The amount requested accurately reflects the contract adjustment for which the contractor believes the Government is liable.
> >
> > (3) Individuals
> >
> > (i) If the contractor is an individual, the certification shall be executed by that individual.
> >
> > (ii) If the contractor is not an individual, the certification shall be executed by –
> >
> > (A) A senior company official in charge at the contractor's plant or location involved; or
> >
> > (B) An officer or general partner of the contractor having overall responsibility for the conduct of the contractor's affairs.

(f) For contractor's claims of $100,000 or less, the Contracting Officer will, if requested in writing by the contractor, render a decision within 60 days of the request. For contractor-certified claims over $100,000, the Contracting Officer will, within 60 days, decide the claim or notify the contractor of the date by which the decision will be made.

(g) The Contracting Officer's decision shall be final unless the contractor appeals the decision within 30 days of the Contracting Officer's decision, to the Principal Assistant Responsible for Contracting (PARC). In the event that the contractor does appeal the decision of the Contracting Officer, the appeal shall be heard by and decided by the PARC and/or a panel of U.S. officials, chaired by the PARC. The decision of this panel shall be final.

(h) The contractor shall proceed diligently with performance of this contract, pending final resolution of any request for relief, claim, or action arising under the contract, and comply with any decision of the Contracting Officer.

(i) This contract is not subject to the Contract Disputes Act of 1978, as amended (41 U.S. Code, Sections 601-613). Failure of the parties to this contract to reach agreement on any request for equitable adjustment, claim, appeal, or action arising under or relating to this contract shall be a dispute to be resolved in accordance with this local clause, 5152.233-4008.

(*Id.* at 38-39)

3. On October 17, 2023, the contracting officer terminated the contract for default (R4, tab 5c).

4. Appellant submitted a certified claim to the contracting officer on November 16, 2023 (R4, tab 56), and the contracting officer issued a final decision (COFD) on January 22, 2024 (R4, tab 6).

5. On April 16, 2024, appellant filed its appeal of the COFD, and the Board docketed the appeal as ASBCA No. 63878.

<u>DECISION</u>

Appellant filed its motion to affirm jurisdiction, relying primarily on the Board's decision in *Sungwoo E&C Co.*, ASBCA Nos. 61144, 61219, 19-1 BCA ¶ 37,449. Those appeals involved several multiple award task order contracts (MATOC) for construction work in the Republic of Korea (ROK) that was also funded by the ROK. *Id*. at 181,970. The contract was signed in those cases by a U.S. contracting officer, just as it was in the instant appeal. *Id*.

In *Sungwoo*, the government moved to dismiss the appeal, claiming the Board lacked jurisdiction under the CDA because the MATOC was funded by the ROK, arguing that the government entered into the contract as an agent for the ROK meaning it did not create a contract entered into by an executive agency of the U.S. *Id.* at 181,975. The Board found that the record did not support a finding that the U.S. was acting as an agent of the ROK, but rather that the work performed was directly for the benefit of the U.S. mission in Korea. *Id.* Ultimately, the Board found that the determining factor for whether the contract falls within the CDA is not the source of the funding, but whether the U.S. benefitted from the procurement. *Id.* at 181,975-76.

Here, the parties agree that, as in *Sungwoo*, the appeal relates to an ROK-funded contract that was (1) executed by a U.S. contracting officer on behalf of an executive agency; and (2) for the benefit of the U.S. (app. mot. at 3; gov't resp. at 5). The government reiterates, and the Board acknowledges its position, that it does not believe all ROK contracts fall under the purview of the Board, but based on the facts of this case, agrees that the Board has jurisdiction. *See Parsons Evergreene v. Sec'y of the Air Force*, 968 F.3d 1359 (Fed. Cir. 2020) (source of funding does not abrogate CDA jurisdiction).

Additionally, the presence of a clause in the contract providing a dispute resolution process other than what is provided under the CDA does not divest the Board of jurisdiction. *Sungwoo,* 19-1 BCA ¶ 37,449 at 181,976, citing *Binladin Org., Almihdar Binladin Dev. Co. & Amoumi Dev. Co.* (JV), ENG BCA No. 5304, 89-3 BCA ¶ 22,188 at 111,639. *See also OSHCO-PAE-SOMC v. United States*, 16 Cl. Ct. 614 (1989); *Burnside-Ott Aviation Training Ctr. v. Dalton*, 107 F.3d 854 at 858 (Fed. Cir. 1997); *Minesen Co. v. McHugh*, 671 F.3d 1332, 1340-41 (Fed. Cir. 2012). Thus, the fact that this contract vested dispute resolution with the PARC (SOF ¶ 2) is not fatal to the Board exercising its jurisdiction over the appeal. Accordingly, we hold that we have jurisdiction.

4

<u>CONCLUSION</u>

Appellant's motion to affirm jurisdiction is granted.

Dated:  July 30, 2024

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

MICHAEL N. O'CONNELL
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

LAURA J. ARNETT
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63878, Appeal of DSME Construction Co., Ltd., rendered in conformance with the Board's Charter.

Dated:  July 30, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals